# Exhibit A

**Amendment in the Nature of a Substitution – Clerk Item #142-24**

Introduced by:   Legislator Mazi Melesa Pilip

Cosponsored by:  Presiding Officer Howard J. Kopel, Deputy Presiding Officer Thomas McKevitt, Alternate Deputy Presiding Officer John R. Ferretti, Jr., and Legislators Patrick Mullaney, John J. Giuffré, Scott Strauss, Michael Giangregorio, C. William Gaylor, III, Rose Marie Walker, Samantha Goetz, and James Kennedy

LOCAL LAW NO. ___

A LOCAL LAW TO PROHIBIT THE USE OF A MASK OR FACIAL COVERING FOR THE PURPOSES OF CONCEALING AN INDIVIDUAL'S IDENTITY IN A PUBLIC PLACE


APPROVED AS TO FORM
Majority Counsel

BE IT ENACTED by the County Legislature of the County of Nassau, as follows:

§1. **Short Title.**  This law shall be known as the "Mask Transparency Act" and shall appear in the Miscellaneous Laws of Nassau County as Title 90.

§2. **Legislative Intent.**

This Legislature finds that masks and facial coverings that are not worn for health and safety concerns or for religious or celebratory purposes are often used as a predicate to harassing, menacing or criminal behavior.

Therefore, the primary purpose of this law is to prohibit the wearing of masks or other facial covering in public unless such mask is worn for the purposes of protecting the wearer's health or safety or for religious or celebratory purposes.

§3. **Prohibition on wearing of masks or facial coverings for the purposes of concealing an individual's identity in public places.**

a) No person or persons while wearing any mask or facial covering whereby the face or voice is disguised with the intent to conceal the identity of the wearer, enter, or appear upon or within any sidewalk, walkway, alley, street, road, highway or other public right-of-way or public property or private property without the consent of the owner or tenant. This law shall not apply to facial coverings worn to protect the health or safety of the wearer, for religious or cultural purposes, or for the peaceful celebration of a holiday or similar religious or cultural event for which the wearing of masks or facial coverings are customarily worn. A law enforcement officer may require a person or persons to remove the mask during traffic stops or when the officer has reasonable suspicion of criminal activity and/or intention to partake in criminal activity.

b) The provisions of this section shall apply only if the person wearing the mask or facial covering:
   1. remains or congregates in a public place with other persons so masked or disguised, or knowingly permits or aids persons so masked or disguised to congregate in a public place; or
   2. acts with the intent, by force or threat of force, to injure, intimidate, or interfere with any person because of the person's exercise of any right secured by federal, state, or local law or to intimidate such person or any other person or any class of persons from exercising any right secured by federal, state, or local law; or
   3. acts with the intent to intimidate, threaten, abuse, or harass any other person; or
   4. is engaged in conduct that could reasonably lead to the institution of a civil or criminal proceeding against her or him, with the intent of avoiding identification in such a proceeding.

§4. **Penalties**. Any person that violates any provision of this law shall be guilty of a misdemeanor punishable by a fine of not more than one thousand dollars or imprisonment of not more than one year, or both.

§5. **Severability**: If any clause, sentence, paragraph, subdivision, section or part of this local law or the application thereof to any person, individual, corporation, firm, partnership, entity or circumstance shall be adjudged by any court of competent jurisdiction to be invalid or unconstitutional, such order or judgment shall not affect, impair or invalidate the remainder thereof, but shall be confined in its operation to the clause, sentence, paragraph, subdivision, section or part of this law or in its application to the person, individual, corporation, firm, partnership entity or circumstance directly involved in the controversy in which order or judgment shall be rendered.

§6. **SEQRA Determination**

It is hereby determined by the Nassau County Legislature, the lead agency, and pursuant to the provisions of the State Environmental Quality Review Act ("SEQRA"), 8 NYECL section 0101 et seq. and its implementing regulations, Part 617 of 6 NYCRR, and Section

<u>1611 of the County Government Law of Nassau County, that this Local Law will not have a significant impact on the environment and that no further environmental review or action is required.</u>

§7. **Effective Date:** <u>This law shall take effect immediately after becoming a law.</u>

# Exhibit B

   

August 14, 2024

Jill D. Nevin, Department of Human Services Commissioner
Nassau County Office for the Physically Challenged and Office of the Aging
60 Charles Lindbergh Blvd.
Uniondale, NY 11553

Patrick J. Ryder, Commissioner of Police
Nassau County Police Department
1490 Franklin Avenue
Mineola, NY 11501

Bruce Blakeman, County Executive
Office of the County Executive
1550 Franklin Avenue
Mineola, NY 11501

*Sent electronically and by USPS*: jnevin@nassaucountyny.gov;
https://app.nassaucountyny.gov/ncpd/complaint-compliment/; Bblakeman@nassaucountyny.gov

Dear Commissioner Nevin, Commissioner Ryder, and Executive Blakeman:

Disability Rights New York ("DRNY") is the Protection and Advocacy ("P&A") agency for New York State. DRNY is authorized by federal law to provide legal representation and other advocacy services to people with disabilities. I write on behalf of DRNY and our clients who wear masks to manage their disabilities while in public and private locations throughout Nassau County.

DRNY requests that Nassau County immediately stay the enforcement of the Mask Transparency Act ("MTA"). Enforcement of the MTA will result in immediate and irreversible harm to DRNY and our clients. Please accept this letter as an expedited request to resolve discriminatory conduct against DRNY and our clients with disabilities pursuant to Nassau County's ADA Policies, Practices, and Procedural Guidance for Nassau County Departments, Agencies, and Entities, currently in effect and available online: https://www.nassaucountyny.gov/DocumentCenter/View/30542/Nassau-County-ADA-Policy?bidId=.

The MTA violates the United States Constitution and federal and state anti-discrimination laws. DRNY raised concerns with Nassau County about the MTA in advance of and during the public

 

hearing on August 5, 2024. These concerns remain the same. (Exhibit A). The mask ban law will undoubtedly result in unchecked discrimination against people with disabilities, and others, who wear masks to manage their health. This law deprives people with disabilities of equal access to Nassau County programs, community events and activities, and public life, generally.

DRNY faces imminent harm by enforcement of this law. As the P&A, DRNY is mandated to advocate for people with disabilities in Nassau County. Our staff wear masks when visiting clients, monitoring and investigating facilities, appearing in court, and joining outreach events. DRNY staff will be unable to do their jobs in Nassau County if they are unable to wear a mask while working in the community.

Our clients wear masks while outside of their homes to protect themselves from communicable diseases. The MTA criminalizes wearing a face mask in public. While the law contains an exception for masks worn to protect the health and safety of the wearer, it lacks any guidance on how to recognize and apply the exception.

Should DRNY or our clients' "intent" of wearing a mask not pass the subjective scrutiny of a law enforcement officer or private property owners, they will face interrogation, detainment, or arrest. DRNY and our clients will be subject to public and law enforcement stigma and scrutiny under the new mask ban law. Additionally, some of our clients will not go to public and private spaces while masked just to avoid confrontations and remain safe.

We seek to resolve this matter ahead of court intervention. We request that Nassau County immediately stay the law and request a meeting to discuss a resolution to our concerns. This matter is time sensitive. Consequently, we seek a response on or before August 20, 2024.

Please contact Jessica Richwalder, Senior Staff Attorney, Jessica.Richwalder@drny.org or by phone at 518.432.7861 with your response.

Respectfully,

*Timothy A. Clune*

Timothy A. Clune, Esq.
Executive Director


cc.     Thomas A. Adams, County Attorney
        Office of the County Attorney
        One West Street
        Mineola, NY 11501
        *Via email: TAAdams@nassaucountyny.gov*




# Exhibit A

# DRNY Opposition to the Mask Ban Law and Press Release


 www.drny.org    mail@drny.org    800-993-8982

**FOR IMMEDIATE RELEASE**

**Contact:** Katrin Haldeman
Katrin.haldeman@drny.org
518-275-1720

## Nassau County Mask Ban Violates Federal & State Law

**August 9, 2024 – Albany NY:** On Monday, August 5, the Nassau County legislature passed a local law making it a crime to wear a mask in public and private spaces.

DRNY provided testimony before the Legislature setting forth our opposition to the bill which will discriminate against people with disabilities.

"This law violates Federal and State anti-discrimination laws that were hard-won after decades of activism by people with disabilities." said Timothy A. Clune, Executive Director of DRNY. "Nassau County's mask ban puts lives at risk.  While worrying about their health and the well-being of their family members, those who need to wear a mask will have the added fear of discrimination, arrest, fines, and detainment."

DRNY is the designated independent non-profit Protection & Advocacy System empowered by Congress to investigate allegations of abuse and neglect and provide legal and non-legal advocacy services to people with disabilities in New York State. The Protection & Advocacy System was created by Congress as a direct result of the horrific conditions that were uncovered in the 1970's at New York's Willowbrook State School.

###

DRNY is supported at taxpayer expense by the U.S. Department of Health & Human Services, The Administration for Community Living; Center for Mental Health Services, Substance Abuse & Mental Health Services Administration; U.S. Department of Education, Rehabilitation Services Administration; and, the Social Security Administration. This press release does not represent the views, positions or policies of, or the endorsements by, any of these federal agencies.

Read public comment here
Read local law here




  www.drny.org     mail@drny.org     800-993-8982

**Disability Rights New York Opposes Nassau County's Mask Ban Bill and Urges the Legislature to Vote "NO" to Protect the Rights of People with Disabilities.**

Disability Rights New York (DRNY) submits the following in opposition to Nassau County Proposed Local Law 142-24, banning mask wearing in public and private spaces within the county. A mask ban in Nassau County will overwhelmingly target people with disabilities who use masks to manage their disability and medical needs. The Nassau County Legislature must reject this bill to avoid predictable discrimination and physical and mental harm against many people in the disability community.

DRNY is the Protection and Advocacy system for the State of New York and works to empower, protect, and advance the rights of individuals with disabilities. DRNY provides legal assistance and direct advocacy to people with disabilities in New York who need accommodations, such as personal protective equipment (PPE), to participate in community life. We remain committed to advocating for an accessible community where people with disabilities are not segregated, isolated, or unnecessarily institutionalized. A mask ban law in Nassau County will be yet another discriminatory barrier for people with disabilities and will exclude those impacted from participating safely in community life. [1]

People with disabilities, and their family, friends, colleagues, and care givers, have the right to use PPE such as masks so they can participate in community life without risk of illness, injury, or death. A mask ban places people with disabilities and their families at greater risk of contracting COVID-19 and other infectious diseases at a time when COVID-19 infections are on the rise in New York State.[2] Reducing the spread of diseases in their community by wearing masks benefits everyone and prevents grave risks to people with disabilities.

While the bill permits people to wear masks to protect their health, it fails to acknowledge that it is impossible to decipher who is wearing a mask for health reasons. Many people with non-apparent disabilities require masking to participate in public programs, receive government

---

[1] In 2020, DRNY filed multiple lawsuits against the State of New York to ensure the protection of people with disabilities during the pandemic. One of the lawsuits challenged the State's Ventilator Allocation Guidelines that threatened to reallocate the personal ventilators of people with disabilities to non-disabled individuals if the chronic ventilator user sought care at a hospital or other acute medical facility. The lawsuit prompted a nationwide discussion about resource allocation during a pandemic and the value society places on the lives of people with disabilities. *Not Dead Yet et al v. Cuomo et al*, 20-CV-04819 (EDNY) https://www.ndrn.org/resource/disability-rights-new-york-sues-state-for-inappropriate-ventilator-re-allocation/

[2] CDC, "Current Epidemic Growth Status (Based on Rt) for States and Territories", (July 26, 2024), https://www.cdc.gov/forecast-outbreak-analytics/about/rt-estimates.html#covid

 

services, and go to businesses open to the public. This bill permits untrained officers to rely upon stereotypes and bias to guess who may or may not have a disability or health condition, leading to the inevitable result of discrimination.

Peaceful civil disobedience is a time-honored way to fight for equal rights and people with disabilities have a long history of engaging in free speech activities by organizing and advocating for justice and equality.[3] This bill will subject people who require masking for their health to risk discrimination, arrest, and detainment simply by exercising their rights in public and private spaces.[4]

Nassau County Proposed Local Law 142-24, if enacted, will create yet another discriminatory barrier to inclusion that people with disabilities must endure. As an organization dedicated to advocating on behalf of individuals with disabilities across New York State, DRNY opposes legislation that bans wearing masks in Nassau County.

We welcome the opportunity to provide additional education or to speak directly with elected leaders about our position on this legislation. Questions and/or follow-up can be directed to mail@drny.org or (518) 432-7861.

---

[3] Warren Shaw, "Disabled In Action", (August 1, 2024), https://www.disabilityhistorynyc.com/explore/disabled-in-action

[4] Fears of mistreatment of individuals with disabilities are routine by police across the country. Half of all people killed by law enforcement had a disability. Vilissa Thopson, "Understanding the Policing of Black, Disabled Bodies", (February 10, 2021) https://www.americanprogress.org/article/understanding-policing-black-disabled-bodies/#:~:text=In%20the%20United%20States%2C%2050,to%20their%20white%20disabled%20counterparts




279 Troy Road, Ste 9
PMB 236
Rensselaer, NY 12144

DRNY has office locations in
**Albany | Brooklyn | Rochester**

Phone
518-432-7861

TTY
518-512-3448

Fax
518-427-6561

# Exhibit C

# Jessica Richwalder

**From:** Jessica Richwalder
**Sent:** Wednesday, August 21, 2024 10:54 AM
**To:** Adams, Thomas A <taadams@nassaucountyny.gov>
**Subject:** Notice of Motion for Temporary Restraining Order and Preliminary Injunction

Good morning Attorney Adams,

I am writing to notify you that DRNY will be filing litigation against Nassau County regarding the Mask Transparency Act. An application will be made by Plaintiffs seeking a temporary restraining order and an order directing Nassau County to show cause why they should not be preliminarily enjoined from enforcing the Mask Transparency Act.

Thank you.

Jessica Richwalder