UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| G.B.; S.S.; and individuals similarly situated, | CIVIL CASE NO. 2:24-cv-05884 |
| Plaintiffs, | |
| -against- | **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO PROCEED ANONYMOUSLY** |
| NASSAU COUNTY; NASSAU COUNTY EXECUTIVE BRUCE BLAKEMAN, in his official capacity, | |
| Defendants. | |

DISABILITY RIGHTS NEW YORK
Jessica Richwalder, Esq.
Christina Asbee, Esq.
William Tronsor, Esq.
279 Troy Road, Ste. 9
PMB 236
Rensselaer, NY 12144
Attorneys for Plaintiffs

**Table of Contents**

Preliminary Statement ........................................................................................................... 1

Statement of Facts ................................................................................................................. 1

Legal Standard ...................................................................................................................... 4

Argument ............................................................................................................................... 4

        I.    The Present Litigation Involves Matters that are Highly Sensitive and of a Personal Nature .................................................................................................. 4

        II.   Identification of the Plaintiffs Presents a Risk of Harm ................................. 5

        III.  Defendants are Government Entities ............................................................. 6

        IV.  Defendants will not be Prejudiced if Plaintiffs Remain Anonymous ............ 7

        V.   The Public Interest Favors Protecting the Plaintiffs' Identities ..................... 8

        VI.  There is No Alternative Mechanism to Protect the Plaintiffs' Personal Information ....................................................................................................... 9

Conclusion ............................................................................................................................. 9

## Table of Authorities

**Cases**

*Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. 2006) ............................................................................ 8

*Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006) .................................... 8

*E.W. v. New York Blood Ctr.*, 213 F.R.D. 108 (E.D.N.Y. 2003) ..................................................... 7

*North Jersey Media Group Inc. v. Doe Nos. 1-5*, 2012 WL 5899331 (S.D.N.Y. Nov. 26, 2012).. 6

*P.D. v. Neifeld*, No. 1:21-cv-06787, 2022 WL 818895 (E.D.N.Y. Mar. 1, 2022).......................... 9

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008)........................................... 4, 6

**Statutes**

29 U.S.C. § 794................................................................................................................................ 2, 8

42 U.S.C. § 12101 *et seq.*.............................................................................................................. 2, 5

42 U.S.C. § 1320d............................................................................................................................... 5

Fed. R. Civ. P. 10(a) ........................................................................................................................... 4

N.Y. Mental Hyg. Law § 33.13 ........................................................................................................ 5

**Local Laws and Policies**

MASK TRANSPARENCY ACT, NASSAU COUNTY, N.Y., MISCELLANEOUS LAWS OF
    NASSAU COUNTY TITLE 91 ................................................................................................ 1

Nassau County, New York, Administrative Code §21-9.0............................................................ 8

Nassau County Americans with Disabilities Act Policy, Policy No. HHS-01(2005) .................... 8

**Preliminary Statement**

Plaintiffs respectfully submit this memorandum of law in support of their motion to proceed anonymously by identifying Plaintiffs through pseudonymous initials.

On August 5, 2024, the Nassau County Legislature passed a law called the Mask Transparency Act ("Mask Ban"). The new law makes it a crime to wear a mask or face covering in public and private places throughout Nassau County, with limited exemptions when masking for health, religious, or celebration purposes. The Mask Ban took immediate effect after Nassau County Executive Bruce Blakeman signed it into law on August 14, 2024.

Plaintiffs filed the instant lawsuit to challenge the Mask Ban because it is preempted by federal and state law and violates the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Mask wearing is a contentious issue in Nassau County. Plaintiffs seek to file this litigation under pseudonym to avoid further public harassment and fear of harm from those following the lawsuit who support the Mask Ban. Plaintiffs G.B. and S.S. are individuals who have complex disabilities that necessitate mask wearing when in the community. G.B. also wears a mask to protect a person with a disability with whom they are closely associated. Based on experience masking when in public and threats on social media, Plaintiffs do not feel safe if their names and personal information are made public through this lawsuit. It is essential for the Plaintiffs' livelihood and in the public interest to keep their identities anonymous throughout this litigation.

**Statement of Facts**

Plaintiffs filed their Complaint on behalf of themselves and individuals with disabilities who reside in Nassau County and wear masks or rely on others to wear masks in public and private places throughout the County. Dkt. 1. The Complaint alleges that the Mask Transparency

1

Act, NASSAU COUNTY, N.Y., MISCELLANEOUS LAWS OF NASSAU COUNTY TITLE 91 (effective August 14, 2024), is void as preempted by federal and state law, and violates Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

Plaintiff G.B. is a resident of Nassau County and has been for 24 years. G.B. Aff. ¶ 2. G.B. is a person with a mobility disability who uses a wheelchair and has asthma. G.B. Aff. ¶¶ 4-5. G.B.'s disabilities increase their risk of serious side effects and death should they become ill. G.B. Aff. ¶¶ 6-9. They wear a facemask when they go out in public, join events in public and private spaces, and shop at places such as the grocery store. G.B. Aff. ¶¶ 10-13. G.B. is an active community member and an advocate for the Disability Community in Nassau County. G.B. Aff. ¶¶ 14-18. G.B. has participated in rallies and protests in their community and plans to continue to organize and/or join peaceful protests in Nassau County to advocate for the civil rights of people with disabilities. *Id*. G.B. plans to continue to engage in peaceful protest while wearing a mask in Nassau County. G.B. Aff. ¶ 18. G.B. has many friends who mask, and they also wear a face mask around their friends to protect them. G.B. Aff. ¶¶ 11-13.

G.B. is fearful of police interaction, arrest, and detainment because they wear a mask in Nassau County. G.B. Aff. ¶ 19. While in public and private places, strangers have come up to G.B. since August 5, 2024, to ask G.B. if they are sick and why they are wearing a mask. G.B. Aff. ¶ 20. G.B. has a fear of unwanted contact, harassment, discrimination, and/or abuse by private people and government employees in Nassau County because they wear a mask to manage their disability. G.B. Aff. ¶¶ 22-26. G.B. intends to continue to go out in public and private places, such as local parks, on the sidewalks, in government buildings, and into stores open to the public, while wearing a mask. G.B. Aff. ¶ 21.

Plaintiff S.S. is a resident of Nassau County and has been for 31 years. S.S. Aff. ¶ 2. They have common variable immunodeficiency (CVID), kidney disease, a respiratory impairment, and post-viral syndrome. S.S. Aff. ¶ 4. Due to CVID, S.S.'s body does not create its own immunoglobulins. S.S. Aff. ¶ 5. As a result, S.S. has been injecting themselves with immunoglobulins daily for more than 20 years. S.S. Aff. ¶ 6. S.S.'s disabilities increase their risk of serious side effects and death should they become ill. S.S. Aff. ¶¶ 10-12. S.S. wears a kn95 mask whenever they leave their home and will be around other people and has done so since early 2020. S.S. Aff. ¶¶ 14-17. S.S.'s spouse also wears a facemask when they go into public to protect S.S. S.S. Aff. ¶¶ 26-27.

Even prior to the Mask Ban, S.S. often received sneering looks from other people while in public wearing a mask. S.S. Aff. ¶ 22. Since the Mask Ban, S.S. is terrified to go into public while wearing a mask. S.S. Aff. ¶¶ 23-25. They fear harassment and assault by other private citizens, and fear being stopped for questioning by police. S.S. Aff. ¶¶ 32-35. To preserve their health, S.S. would not remove their mask in public even if instructed to do so by a police officer during a traffic or other stop. S.S. Aff. ¶¶ 25, 33.

On August 9, 2024, S.S. received an email from Legislator Scott Strauss about the Mask Ban. S.S. Aff. ¶ 28-31; S.S. Affidavit Exhibit A. The email contained an alarming image of a person wearing a medical mask and referred to this person as a "faceless thug." *Id*. The image and the email frightened them and chilled them from contacting their legislator with concerns about the Mask Ban. *Id*. S.S. is also afraid to contact police if they are confronted by another person for wearing a mask. S.S. Aff. ¶¶ 24, 33.

3

**Legal Standard**

Generally, "[i]dentifying the parties to the proceeding is an important dimension of publicness." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). However, courts, including the Second Circuit, have carved out exceptions to Fed. R. Civ. P. 10(a) where the need for anonymity outweighs the public's interest in a party's name. *See id*. In *Sealed Plaintiff*, the Second Circuit compiled a non-exhaustive list of factors for courts to consider when balancing plaintiffs' interest for anonymity over the public's interest in disclosure, and any prejudice to the defendant. *Id*. Those factors include:

> "(1) whether the litigation involves matters that are 'highly sensitive and [of a] personal nature,' (2) 'whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent nonparties,' (3) whether identification presents other harms and the likely severity of those harms, including whether 'the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,' (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, (9) 'whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities,' and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

*Id.* at 190.

**Argument**

I. **The Present Litigation Involves Matters that are Highly Sensitive and of a Personal Nature**

The Complaint includes legally protected health information regarding Plaintiffs' diagnoses, symptoms, and accommodations needed because of their disabilities. Federal and

state law recognize that health information, like the kind at issue here, is entitled to protection from public disclosure. *See, e.g.*, 42 U.S.C. § 1320d *et seq.*; N.Y. Mental Hyg. Law § 33.13.

The presence of a disability is an element of the Plaintiffs' disability discrimination claims under the ADA and Section 504. Plaintiffs must provide protected medical information to plead their claims and establish a *prima facie* case of violations of federal law. Plaintiffs are people with disabilities who wear masks when in public and private spaces in Nassau County. Plaintiffs have disabilities that substantially limit one or more major life activities, and they wear a mask to manage their disabilities. 42 U.S.C. § 12102. Future filings will likely include diagnostic information, limits to the Plaintiffs' major life activities, service needs, and harms because of their disability conditions. Such information is personal and highly sensitive. The information is generally protected from public disclosure by federal and state laws that protect personal health and identification information. *See, e.g.*, 42 U.S.C. § 1320d *et seq.*; N.Y. Mental Hyg. Law § 33.13.

## II.    Identification of the Plaintiffs Presents a Risk of Harm

Disclosure of Plaintiffs' names, personal identifying information, and health histories puts them at risk of additional injury beyond the harm they are already experiencing because of the Mask Ban. The Mask Ban is controversial among people in Nassau County. *See* Dkt. 1. Community members joined the August 5, 2024, public hearing on the Mask Ban. In the hearing room gallery, people in support of the Mask Ban harassed and intimidated people for wearing masks. Tronsor Aff. ¶¶ 21-30, 37-38, 41-45. The legislature favored those who supported the Mask Ban law and provided them more time to speak in support of the bill that is now law. Tronsor Aff. ¶¶ 31-33, 36. Those in favor of the bill spoke over their allotted time without consequences, but the legislature called in the police to stop those in opposition who raised

5

concerns about the lack of decorum and harassment occurring in the gallery. Tronsor Aff. ¶¶ 33-35. Police responded to the legislature's orders when a person in opposition spoke over the allotted time. Tronsor Aff. ¶¶ 45-47. The police arrested one person with disabilities who opposed the bill after they moved close to the podium while another person spoke over their allotted time. *See* Tronsor Aff. ¶ 47; Nassau Legislature passes controversial mask bill; 1 person arrested during public hearing, News 12, https://longisland.news12.com/nassaus-mask-transparency-act-seeks-to-prohibit-mask-wearing-in-some-scenarios (August 5, 2024).

Given the community angst over mask wearing in Nassau County, and the response by those in favor of the Mask Ban, "identification poses a risk of retaliatory physical or mental harm to the [Plaintiffs] or even more critically, to innocent nonparties[.]" *Sealed Plaintiff*, 537 F.3d at 190. Plaintiffs or their families could be targeted when outside of their home by those who strongly oppose mask wearing in any manner, including when worn as allowed by the mask ban exemptions. *See* Dkt. 1. "[I]dentification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity[.]" *Sealed Plaintiff*, 537 F.3d at 190 (internal citations omitted). Plaintiffs will likely be further discriminated against by local businesses and public officials if they are identified as people challenging the Mask Ban law through this litigation. *Id.*

### III.   Defendants are Government Entities

Courts are more likely to allow parties to proceed anonymously when the Defendant is a government entity. *See North Jersey Media Group Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, *7 (S.D.N.Y. Nov. 26, 2012). Lawsuits challenging the actions of the government involve no injury to the government's reputation, whereas cases involving private parties may damage a party's name, reputation, and livelihood. *Id.* Here, Defendants are government entities and government

6

officials in their official capacities. Dkt. 1. Therefore, there is no risk to the Defendants' reputations by allowing the Plaintiffs to remain anonymous.

**IV.  Defendants will not be Prejudiced if Plaintiffs Remain Anonymous**

Defendants are not prejudiced by allowing Plaintiffs to press their claims anonymously. Plaintiffs seek to file under pseudonym to avoid public threats and harassment. Plaintiffs have remained anonymous through the pre-litigation efforts taken to avoid filing the case in this Court. Richwalder Aff. ¶¶ 3, 4; Exhibit B. Continued anonymity will only help all parties and this Court navigate the legal issues among the community tension Nassau County's Mask Ban has created. It will not serve Nassau County legislatures or its police force, nor will it benefit county residents and visitors, to unleash more aggression between supporters of the Mask Ban and those with disabilities who are directly discriminated against because of its passage.

Plaintiffs fear retaliation and harm by the community and government employees if their identities are disclosed in this lawsuit. *See supra* Statement of Facts. The conduct by community members in support of the bill during the August 5th public hearing, and subsequent interactions G.B. reported with people in public, demonstrate the targeted discrimination and harassment Plaintiffs will experience because they brought this lawsuit. G.B. Aff. ¶ 20; *see generally* Tronsor Aff.

Plaintiffs can provide their name and necessary identifying information to Defendants so the use of pseudonyms will not disrupt Defendants' ability to fully litigate the case. Courts have held that there is no prejudice when discovery does not appear to be impaired by the plaintiff's desire to proceed anonymously. *See E.W. v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003). Plaintiffs will provide the requisite information to Defendants' counsel as the Court so orders, either under seal or through a secure electronic file share system.

7

The use of pseudonyms is to protect the Plaintiffs' identities from the public docket, not to prevent Defendants from fairly litigating this case. To the contrary, Defendants are more likely to experience prejudice if Plaintiffs are *not* permitted to proceed anonymously because of the divisive nature of this subject matter and the privacy interests of the community will be impeded if their names are disclosed publicly. It would be a waste of this Court's time and negatively impact judicial efficiency if Plaintiffs were forced to seek protective orders for their safety after their personal information is made public. Parties and this Court are best served by Plaintiffs remaining anonymous.

## V. The Public Interest Favors Protecting the Plaintiffs' Identities

The public interest favors protecting the Plaintiffs' identities in this case. Courts recognize that disclosing a disability presents a risk of stigmatization. *See Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006). There is a substantial public interest in ensuring that individuals with disabilities are represented fairly without the risk of such stigmatization. *Id.* Nassau County made a commitment to equally serve its residents with disabilities, and protecting their identity to avoid further discrimination and brazen harassment in public is in the public interest. 29 U.S.C. § 794; Nassau County, New York, Administrative Code §21-9.0 (2024); Nassau County ADA Policy, https://www.nassaucountyny.gov/DocumentCenter/View/30542/Nassau-County-ADA-Policy?bidId= (2005).

The Mask Ban permits businesses to choose when to allow a person to wear a mask. Plaintiffs will face overt discrimination from police and business owners who enforce the Mask Ban law at their discretion. That unchecked discrimination will disproportionately stigmatize Plaintiffs when they venture outside of their home wearing a mask.

8

The judiciary has an interest in ensuring that litigants, such as the Plaintiffs, are not deterred from having their day in court. *See Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006). The risk of stigmatization based on disability may have a chilling effect on the willingness of class members to pursue their claims. *Id.* Proceeding anonymously removes the risk of stigma.

### VI. There is No Alternative Mechanism to Protect the Plaintiffs' Personal Information

Proceeding anonymously is appropriate when the allegations and the stigmatizing health condition are interconnected. *See P.D. v. Neifeld*, No. 1:21-cv-06787, 2022 WL 818895 (E.D.N.Y. Mar. 1, 2022) at 2, 3 (there is no alternative mechanism to protect Plaintiffs' confidentiality as their "condition[s] are potentially bound up with the mere identification of Plaintiff[s] in connection with these allegations and lawsuit."). Using Plaintiffs' pseudonymous initials is necessary to prevent community members from identifying them and subjecting them to discrimination, harassment, or greater harm.

### Conclusion

For the foregoing reasons, Plaintiffs request that the Court permit the Plaintiffs to proceed anonymously by identifying the Plaintiffs by pseudonym initials.

DATED:  August 22, 2024
Rensselaer, New York

By: /s/

Jessica Richwalder
Christina Asbee
William Tronsor

Disability Rights New York
Attorneys for Plaintiffs
279 Troy Road, Ste. 9
PMB 236
Rensselaer, NY 12144
Phone: 518-432-7861

9