UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| G.B.; S.S.; and individuals similarly situated,<br><br>                    Plaintiffs,<br><br>    -against-<br><br>NASSAU COUNTY; NASSAU COUNTY EXECUTIVE BRUCE BLAKEMAN, in his official capacity,<br><br>                    Defendants. | CIVIL CASE NO.<br><br>**CLASS ACTION COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiffs challenge Nassau County's Mask Transparency Act (hereinafter "The Mask Ban"), a new law in Nassau County which bans wearing face masks in public.

2. The Mask Ban discriminates against people with disabilities by depriving them of equal access to public life in Nassau County in violation of the United States Constitution, the New York State Constitution, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act.

3. Plaintiffs and the proposed class seek prospective injunctive relief ordering Defendants to rescind the Mask Ban.

**JURISDICTION**

4. Plaintiffs bring federal claims pursuant to the Supremacy Clause of the United States Constitution Article, U.S. Const. art. VI, para. 2, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 42 U.S.C. § 794, *et seq.*

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201, 2202.

7. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) as the events and omissions complained of occurred in this District and Plaintiffs reside within this District.

## PARTIES

8. Plaintiff S.S.[1] is a person with a disability who resides in Nassau County, New York.

9. S.S. has lived in Nassau County for 31 years and plans to remain in Nassau County for the foreseeable future.

10. S.S. has common variable immunodeficiency (CVID), kidney disease, post-viral syndrome, and respiratory impairments.

11. S.S. wears a medical-grade mask outside their home.

12. Plaintiff G.B. is a person with a disability who resides in Nassau County, New York.

13. G.B. has lived in Nassau County for 24 years and plans to remain in Nassau County for the foreseeable future.

14. G.B. has cerebral palsy and asthma.

15. G.B. wears a medical-grade mask outside their home.

16. Defendant Nassau County is located at 1550 Franklin Ave., Mineola, NY 11501.

17. Defendant Bruce Blakeman, Nassau County Executive, is located at 1550 Franklin Ave., Mineola, NY 11501.

---

[1] Plaintiffs are identified by their initials to protect their identities pending Plaintiffs' Motion to Proceed Anonymously.

2

## **STATEMENT OF FACTS**

**The Mask Ban**

    18.    The Mask Ban states:

a) No person or persons while wearing any mask or facial covering whereby the face or voice is disguised with the intent to conceal the identity of the wearer shall enter, or appear upon or within any sidewalk, walkway, alley, street, road, highway or other public right-of-way or public property or private property without the consent of the owner or tenant. This law shall not apply to facial coverings worn to protect the health and safety of the wearer, for religious or cultural purposes, or for the peaceful celebration of a holiday or similar religious or cultural event for which the wearing of masks or facial coverings are customarily worn. A law enforcement officer may require a person or persons to remove the mask during traffic stops or when the officer has reasonable suspicion of criminal activity and/or intention to partake in criminal activity.

b) The provisions of this section shall apply only if the person wearing the mask or facial covering:

    1. remains or congregates in a public place with other persons so masked or disguised, or knowingly permits or aids persons so masked or disguised to congregate in a public place; or

    2. acts with the intent, by force or threat of force, to injure, intimidate, or interfere with any person because of the person's exercise of any right secured by federal, state, or local law or to intimidate such person or any other person or any class of persons from exercising any right secured by federal, state, or local law; or

    3. acts with the intent to intimidate, threaten, abuse, or harass any other person; or

    4. is engaged in conduct that could reasonably lead to the institution of a civil or criminal proceeding against her or him, with the intent of avoiding identification in such a proceeding.

NASSAU COUNTY, N.Y., MISCELLANEOUS LAWS OF NASSAU COUNTY TITLE 91 (effective August 14, 2024). Exhibit A.

    19.    Violations of the Mask Ban are a misdemeanor and punishable by a fine of up to one thousand dollars and up to a year imprisonment.

20. Defendant Blakeman signed the Mask Ban into law on August 14, 2024.

21. On August 14, 2024, Disability Rights New York (DRNY) sent a letter to Defendants describing its concerns with the Mask Ban's impact on people with disabilities. Exhibit B.

22. DRNY's letter requested a stay in enforcement of the Mask Ban.

23. DRNY's letter requested a meeting to discuss resolution of DRNY's concerns.

24. DRNY received no response to its letter.

25. On August 20, 2024, DRNY sent an email to Nassau County Attorney Thomas A. Adams notifying him of the planned litigation and motion for temporary restraining order and preliminary injunction. Exhibit C.

**Public Hearing on August 5, 2024**

26. On August 5, 2024, the Nassau County Legislature held a public meeting with a hearing and vote on the then-proposed Mask Ban.

27. Members of the public joined the August 5th public hearing.

28. The Nassau County Legislature permitted each person three minutes to speak about the proposed mask ban bill.

29. Elected leaders, including Congressman Anthony D'Espositio, State Senator Patricia Canzoneri-Fitzpatrick, State Senator Jack Martins, State Senator Steve Rhoades, Former Assemblyman Michael LiPetri, and North Hempstead Town Supervisor Jennifer DeSena spoke in support of the Mask Ban.

30. Supporters of the Mask Ban spoke of hate speech, genocide, the Holocaust, criminal thugs, and terrorism.

31. The Nassau County Legislature allowed people speaking in support of the Mask Ban to speak first regardless of when they signed up to speak during the public hearing.

32. The Nassau County Legislature allowed people speaking in support of the Mask Ban to exceed the allotted three minutes.

33. After people spoke in support of the bill, the Nassau County Legislature allowed people in opposition three minutes to speak and threatened their removal if they spoke beyond the allotted time.

34. People wearing masks were harassed by members of the public sitting in the gallery.

35. Non-masked people coughed on, yelled at, and threatened people wearing masks.

36. Nassau County police arrested a person with a disability wearing a mask at the hearing.

37. Police arrested the person after they stood up during another person's testimony.

38. The person was later charged with second degree assault, resisting arrest, and obstructing governmental administration.

**Plaintiff G.B.**

39. Plaintiff G.B. is a resident of Nassau County.

40. G.B. has lived in Nassau County for 24 years.

41. G.B. is diagnosed with Cerebral palsy and Asthma.

42. G.B. uses a wheelchair for mobility.

43. Due to their disabilities, G.B. is at higher risk of contracting airborne illnesses.

44. Due to their disabilities, it takes longer for G.B. to recover from airborne illnesses.

5

45. Due to their disabilities, G.B. is at higher risk of serious medical complications, including death, if they contract airborne illnesses.

46. When G.B. contracts airborne illnesses, it exacerbates the symptoms of their asthma.

47. G.B. continues to wear a mask to protect themself from illness whenever they go out in public and have worn a facemask since the onset of the COVID-19 Pandemic.

48. G.B. has many friends who have a higher risk of serious medical complications, including death, if they become infected with viral illnesses because they have disabilities.

49. G.B. often wears facemasks around their friends to protect their health because they want to prevent any inadvertent spread of germs or illness.

50. G.B. wears a facemask when they go in public, join events in public and private spaces, and shop at places such as the grocery store.

51. G.B. is a disability rights activist in Nassau County and a member of Downstate NY ADAPT.

52. G.B. has participated in rallies and protests in their community.

53. G.B. has worn facemasks while participating in protests in the community.

54. G.B. plans to continue to organize and/or join peaceful protests in Nassau County to advocate for the civil rights of people with disabilities.

55. G.B. will continue to wear facemasks if they attend protests in my community.

56. G.B. is fearful of police interaction, arrest, and detainment because they wear a facemask in Nassau County.

57. While in public and private places, strangers have come up to G.B. since August 5, 2024, to ask them if they are sick, if they are healthy or not, and to ask why they are wearing a facemask.

58. G.B. will continue to go out in public and private places, such as local parks, on the sidewalks, in government buildings, and into stores open to the public, while wearing a facemask.

59. G.B. fears that people, including the police, will approach them because they wear a facemask, and will make unwanted contact with them, harass them, discriminate against them, and/or abuse them.

60. The mask ban law in Nassau County causes G.B. great stress and fear when they go out into the community.

61. G.B. is afraid of interactions they may have with the police, because they will not remove their facemask if asked due to concerns about their health.

62. G.B. fears that they will be arrested just for wearing a facemask for their health because there is no standard for the police to follow to decide if they meet the health exception or not.

63. G.B. is also concerned that they will be harassed, discriminated against, or even assaulted by people, including business owners and employees, in Nassau County for just going about their day with a mask on.

64. The only way G.B. will not fear for their safety while in public spaces and on private property is if Nassau County's Mask Ban is no longer a local law that criminalizes wearing a facemask.

7

**Plaintiff S.S.**

65. Plaintiff S.S. is a resident of Nassau County.

66. S.S. has lived in Nassau County for 31 years.

67. S.S. intends to live in Nassau County for the foreseeable future.

68. S.S. has common variable immunodeficiency, kidney disease, and a respiratory impairment.

69. S.S. injects themselves daily with immunoglobulins because their body does not produce their own immunoglobulins.

70. S.S developed post-viral syndrome over 20 years ago after they contracted mononucleosis and meningoencephalitis.

71. S.S. has persistent ground glass appearance in their lungs.

72. Due to their disabilities, S.S. is at higher risk of contracting an airborne illness.

73. Due to their disabilities, it takes longer for S.S. to recover from an airborne illness.

74. Due to their disabilities, S.S. is at higher risk of severe medical complications, including death, should they contract an airborne illness.

75. S.S. is vaccinated against COVID-19, and they last received a booster vaccine on April 23, 2024.

76. Before the COVID-19 pandemic, S.S. regularly wore a mask to protect themself from illness when they were in medical facilities.

77. Since the COVID-19 pandemic, S.S. continues to wear a mask to protect themself from illness whenever they leave their home and will be around other people.

78. S.S. wears a mask when they are inside any building besides their home.

8

79. S.S. wears a kn95 mask to protect themself from illness.

80. S.S. regularly shops wearing a mask at TJMaxx and Roosevelt Field Shopping Center in Nassau County.

81. S.S. wears a mask when they see any medical professionals.

82. S.S. wears a mask when they go to an infusion center for biologics.

83. The infusion center is located in Great Neck, New York in Nassau County.

84. Within the past few weeks, S.S. has received sneering looks from other members of the public when they are wearing a mask.

85. S.S. is terrified to go into public wearing a mask since the Mask Ban was signed into law.

86. S.S. fears harassment and assault from anti-mask people in Nassau County.

87. S.S. fears being stopped and questioned by police.

88. S.S. will not remove their mask in public under any circumstances aside from a necessary medical procedure.

89. S.S.'s spouse wears a mask when they are in public to protect S.S.'s health.

90. S.S.'s spouse wears a mask when they are in public with S.S. to protect S.S.'s health.

91. On August 9, 2024, S.S. received an email from Legislator Scott Strauss about the mask ban in Nassau County.

92. The email contained an alarming image of a person wearing a medical mask and referred to him as a "faceless thug."

93. The email and the image made S.S. afraid to contact their legislator with their concerns about the Mask Ban.

9

94. The email made S.S. afraid to go into public wearing a medical mask.

95. S.S. is afraid to contact police if they are harassed for wearing a medical mask in public.

96. S.S. will only leave their home when necessary due to the Mask Ban.

## CLASS ACTION ALLEGATIONS

97. Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2).

98. Plaintiffs seek certification of a class defined as:

All individuals who wear masks while in Nassau County because of their disability or to accommodate others with disabilities.

99. The proposed class is so numerous that joinder of all members is impracticable.

100. Statistical data collected by the U.S. Department of Health & Human Services' Center for Disease Control and Prevention agency, membership and participation information of mask advocacy groups, and community members speaking out against the Mask Ban shows that the class exceeds 40 members. https://www.cdc.gov/ncbddd/disabilityandhealth/impacts/new-york.html (last visted August 16, 2024); https://www.jewsformaskrights.com/about-us; *Hernandez v. AutoZone, Inc.*, 323 F.R.D. 496, 502 (E.D.N.Y. 2018).

101. All members of the proposed class share common issues of law and fact with respect to Defendants' obligation to provide them equal access to the programs, services and benefits of public life in Nassau County.

102. Common questions include whether subjecting individuals who wear masks in Nassau County to enforcement of the Mask Ban constitutes discrimination in violation of Title II of the ADA and Section 504.

103. Plaintiffs' claims are typical of the claims of the proposed Class.

10

104. Each Plaintiff and all members of the proposed Class are individuals who wear masks in Nassau County to protect their own health or the health of others.

105. Plaintiffs have all experienced harm because of the Defendants' failure or refusal to allow them equal access to participate in or benefit from the programs, services and activities of Nassau County.

106. The proposed class members will experience the deprivation of equal access to or the lack of a benefit from programs and services as a result of Defendants' imposition of the Mask Ban.

107. Plaintiffs will fairly and adequately protect the interests of the proposed Class.

108. Plaintiffs have a personal and clearly defined interest in vindicating their rights as well as the rights of the Class to obtain prospective injunctive relief prohibiting the enforcement of the Mask Ban.

109. Plaintiffs seek relief that will benefit the entire Class.

110. Plaintiffs' counsel, Disability Rights New York ("DRNY"), has extensive experience bringing federal class action litigation involving claims of noncompliance with the ADA and Section 504.

111. Prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for the party opposing the Class, could be dispositive of the interests of the other Class members, or could substantially impair or impede their ability to protect their interests.

112. The Defendants have acted on grounds generally applicable to the Named Plaintiffs and each absent member of the proposed class, thereby making final adjudicative and declaratory relief appropriate with respect to the proposed Class as a whole.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE SUPREMACY CLAUSE OF THE UNITED STATES CONSTITUTION, U.S. CONST. ART. VI, CL. 2:**
**THE MASK BAN CONFLICTS WITH THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101,** *et seq.*

113. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs as if specifically alleged herein.

114. Defendants' obligation to comply with and refrain from passing local laws inconsistent with the ADA is mandatory.

115. Pursuant to the U.S. Const. art. VI, cl. 2. ("Supremacy Clause") Defendants are not permitted to enact local laws that are inconsistent with any provision of the ADA.

116. Local laws that abrogate or curtail rights conferred by federal law are inconsistent with federal law, conflict preempted, and rendered invalid by operation of law.

117. The Mask Ban is inconsistent with and in violation of Title II of the ADA, 42 U.S.C. § 12132, and thus violates the Supremacy Clause because it abrogates the opportunity for individuals who wear masks because of their disability or to accommodate others with disabilities to equally access the services, programs and activities of Defendants.

118. The Mask Ban is inconsistent with and in violation of Title III of the ADA, 42 U.S.C. § 12182, and thus violates the Supremacy Clause because it abrogates the opportunity for individuals because of their disability or to accommodate others with disabilities to equally access places of public accommodation.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE SUPREMACY CLAUSE OF THE UNITED STATES CONSTITUTION, U.S. CONST. ART. VI, CL. 2:
## THE MASK BAN CONFLICTS WITH SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794

119. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs as if specifically alleged herein.

120. Defendants' obligation to comply with and refrain from passing local laws inconsistent with Section 504 is mandatory.

121. Pursuant to the U.S. Const. art. VI, cl. 2. ("Supremacy Clause") Defendants are not permitted to enact local laws that are inconsistent with any provision of Section 504.

122. Local laws that abrogate or curtail rights conferred by federal law are inconsistent with federal law, conflict preempted, and rendered invalid by operation of law.

123. The Mask Ban is inconsistent with and in violation of Section 504, 29 U.S.C. § 794(a), and thus violates the Supremacy Clause because it abrogates the opportunity for individuals who wear masks because of their disability or to accommodate others with disabilities to participate in, benefit from, and not be discriminated against in Defendants' programs and activities.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF N.Y. CONST. ART. IX § 2c:
## THE MASK BAN CONFLICTS WITH REPEAL OF N.Y. PENAL LAW 240.35(4)

124. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs as if specifically alleged herein.

125. Defendants' obligation to comply with and refrain from passing local laws inconsistent with State legislation is mandatory.

126. Pursuant to N.Y. Const. Art. IX § 2(c), Defendants are not permitted to enact local laws that are inconsistent with the actions of the State Legislature.

127. Local laws that abrogate or curtail rights conferred by the State Legislature are inconsistent with state law, field preempted, and rendered invalid by operation of law.

128. The Mask Ban is field preempted by the repeal of N.Y. Penal Law 240.35(4) because it imposes a ban on face masks when the State Legislature clearly intended to allow individuals to wear face masks in public.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, *et seq.*

129. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs as if specifically alleged herein.

130. Congress enacted the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

131. Congress specifically found, inter alia, that "discrimination against individuals with disabilities persists in such critical areas as . . . access to public services." *Id.* § 12101(a)(3).

132. Title II of the ADA states, in pertinent part:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or subjected to discrimination by any such entity.

42 U.S.C. § 12132.

133. A "public entity" includes state and local governments, their agencies, and their instrumentalities. 42 U.S.C. § 12131(1).

134. Defendants are a "public entity" within the meaning of Title II of the ADA.

14

135. The term "disability" includes physical and mental impairments that substantially limit one or more major life activities. 42 U.S.C. § 12102(2).

136. A "qualified individual with a disability" is a person "who, with or without reasonable modification to rules, policies or practices … meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

137. Plaintiffs and the proposed Class members are qualified individuals with a disability or their associates as defined by the ADA.

138. As mandated by Congress, 42 U.S.C. § 12134, the U.S. Attorney General, through the U.S. Department of Justice ("DOJ"), has promulgated regulations that flesh out and implement the specific requirements of Title II of the ADA applicable to all services, programs, and activities provided or made available by public entities. 28 C.F.R. §§ 35.101, 35.102.

139. Defendants' Mask Ban violates Title II of the ADA and its implementing regulations by authorizing or failing to forbid actions that:

   a. Deny a qualified individual with a disability the benefits of the services, programs, or activities of a public entity because of the individual's disability. 42 U.S.C. § 12132.

   b. Limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service. 28 C.F.R. § 35.130(b)(1)(vii).

   c. Deny a qualified individual with a disability the opportunity to participate in services, programs, or activities that are not separate or different, despite the existence of permissibly separate or different programs or activities. 28 C.F.R. § 35.130(b)(2).

15

d. Directly or through contractual or other arrangements, utilize criteria or other methods of administration: (i) That have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability; (ii) That have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the public entity's program with respect to individuals with disabilities; or (iii) That perpetuate the discrimination of another public entity if both public entities are subject to common administrative control or are agencies of the same State. 28 C.F.R. § 35.130(b)(3).

e. Impose or apply eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any service, program, or activity, unless such criteria can be shown to be necessary for the provision of the service, program, or activity being offered. 28 C.F.R. 35.130(b)(8).

140. As a result of Defendant's acts and omissions, individuals who wear masks because of their disability or to accommodate others with disabilities in Nassau County have and will continue to be deprived of a nondiscriminatory access to public life, thereby denying them equal access to the benefits of the services, programs and activities of Nassau County.

### FIFTH CLAIM FOR RELIEF
### VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973
### 29 U.S.C. § 794

141. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs as if specifically alleged herein.

142. Section 504 of the Rehabilitation Act provides, in pertinent part that "[n]o otherwise qualified individual with a disability in the United States… shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be

subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

143. Defendants were and remain, at all times relevant to this action, recipients of federal financial assistance within the meaning of Section 504.

144. Defendants' "program or activity" includes "all operations of a department, agency, special purpose district or other instrumentality of a State or of a local government." 29. U.S. C. § 794(b)(1)(A).

145. A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 29 U.S.C. § 705(9)(B) (citing 42 U.S.C. § 12102(1)(A)).

146. Plaintiffs and the proposed Class members are individuals who wear masks because of their disability or to accommodate others with disabilities in Nassau County and are covered under Section 504.

147. Defendants' Mask Ban violates Section 504 by authorizing, or failing to forbid, actions that:

    a. Exclude from participation in, deny the benefits of, or otherwise subject individuals to discrimination on the basis of disability. 29 U.S.C.§ 794(a); 45 C.F.R. §§ 84.4(a), 84.52(a)(1); 28 C.F.R. § 41.51(a).

    b. Deny qualified persons with a disability the opportunity to participate in or benefit from the Defendants' aid, benefit, or service. 45 C.F.R. § 84.4(b)(1)(i); 28 C.F.R. § 41.51(b)(1)(i).

17

  c. Afford qualified persons with a disability an opportunity to participate in or benefit from the Defendants' aid, benefit, or service that is not equal to that afforded to others. 45 C.F.R. §§ 84.4(b)(1)(ii), 84.52(a)(2); 28 C.F.R. § 41.51(b)(1)(ii).

  d. Limit individuals with a disability in the enjoyment of rights, privileges, advantages and opportunities enjoyed by others receiving an aid, benefit, or service. 45 C.F.R. §§ 84.4(b)(1)(vii), 84.52(a)(4); 28 C.F.R. § 41.51(b)(1)(vii).

  e. Use criteria or methods of administration that have the effect of subjecting qualified persons to discrimination on the basis of disability, or that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of a program or activity with respect to persons with disabilities. 45 C.F.R. §§ 84.4(b)(4); 28 C.F.R. § 41.51(b)(3).

148. As a result of Defendants' acts and omissions, Plaintiffs and the proposed Class who wear masks because of their disability or to accommodate others with disabilities in Nassau County have and will continue to be excluded from participation in, denied the benefits of, and subjected to discrimination from Nassau County.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request relief that the Court:

1. Exercise jurisdiction and venue regarding this matter;

2. Certify this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(2) with respect to the proposed class identified herein;

3. Issue a declaratory judgment, in accordance with 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, declaring that Defendants' actions and failures or refusals to act violate federal law,

as follows: Defendants' Mask Ban, under the United States Constitution, is preempted by the ADA.

4. Issue a declaratory judgment, in accordance with 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, declaring that Defendants' actions and failures or refusals to act violate federal law, as follows: Defendants' Mask Ban, under the United States Constitution, is preempted by Section 504.

5. Issue a declaratory judgment, in accordance with 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, declaring that Defendants' actions and failures or refusals to act violate state law, as follows: Defendants' Mask Ban, under the New York State Constitution, is preempted by the repeal of N.Y. Penal Law 240.35(4).

6. Issue a declaratory judgment, in accordance with 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, declaring that the Defendants' actions and failures or refusals to act violate federal law, as follows: Defendant's Mask Ban has subjected and continues to subject people with disabilities who wear masks in Nassau County to discrimination in violation of Title II of the ADA and Section 504.

7. Enter temporary, preliminary and permanent injunctive relief, pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65, invalidating the Mask Ban.

8. An award of reasonable attorneys' fees and costs; and

9. Such other further relief as deemed just and proper.

Dated: August 22, 2024

Rensselaer, New York

By: _____

Jessica Richwalder, Esq.
Christina Asbee, Esq.
William Tronsor, Esq.

DISABILITY RIGHTS NEW YORK
Attorneys for Plaintiffs
279 Troy Rd., Ste 9
PMB 236
Rensselaer
Phone: 518-512-4841
Fax: 518-427-6561 (not for service)