

**BRUCE A. BLAKEMAN**
County Executive

**THOMAS A. ADAMS**
County Attorney

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**

September 20, 2024

Hon. Joan M. Azrack
United States District Judge
100 Federal Plaza
Central Islip, New York 11501

  Re: G.B.; S.S.; and individuals similarly situated v. Nassau County, et al.
     Case No. 24-cv-5884 (JMA)(SIL)

Dear Judge Azrack:

  I represent the Defendants in connection with this action. Pursuant to Your Honor's Individual Rule IV.B, I write to request a pre-motion conference in connection with an anticipated motion under Fed. R. Civ. P. 12(b).

  At issue in this litigation is the propriety of Nassau County's Mask Transparency Act (the "Act") which, as a general matter, prohibits individuals from wearing a mask or facial covering with the intent to conceal the identity of the wearer in certain public and private areas.[1] However, there are three express exceptions to the prohibition, one of which is to "protect the health or safety of the wearer." Plaintiff's challenge the Act on a number of constitutional and statutory grounds.

  As explained in the Defendants' opposition to the pending motion for a preliminary injunction, there is a significant question as to the Plaintiffs' standing to bring this action in light of the health and safety exception. "Standing is the threshold question in every federal case." *Corbett v. Hochul*, No. 22-3210-cv, 2023 U.S. App. LEXIS 30200, at *3 (2d Cir. Nov. 14, 2023). The Supreme Court observed that the courts "have an obligation to assure ourselves of litigants' standing under Article III before proceeding to the merits of a case." *Dep't of Educ. v. Brown*, 600 U.S. 551, 560 (2023). Here, Plaintiffs' mere surmise and speculation that they face arrest for wearing a medical mask is insufficient to show a true injury-in-fact that rises to a justiciable case or controversy. Lacking standing, the Complaint should be dismissed.

  Plaintiffs' reply in support of their motion for a preliminary injunction only highlights the speculative nature of their claimed "injuries." Plaintiffs principally rely upon the idea that the Act results in "unequal treatment" inasmuch as the Act "impacts Plaintiffs' ability to co-exist in the community without fear of harassment from the police and public, or worse." (ECF No. 20 at p. 2). In that regard, Plaintiffs argue that "[t]he deprivation of access to public life is a present

---

[1] The description of the Act is for descriptive purposes; the Defendants refer to and incorporate the full text of the Act into this letter.

and ongoing injury to Plaintiffs." *Id.* This is so, Plaintiffs contend, because "[t]he Mask Ban deters Plaintiffs from engaging in all aspects of public and private life outside their homes. . . ." *Id*. Yet, notably absent from the pleadings or the reply to the County's opposition to the motion for preliminary injunction is it ever alleged that the Plaintiffs were directly impacted by the Act by way of an arrest or even mere contact with law enforcement.

Moreover, Plaintiffs have not been restricted from access to public facilities as a result of the Act. As explained elsewhere, Plaintiffs' proffered need to wear a mask falls squarely within the Act's exemption for medical/health needs. The Act does not prohibit the Plaintiffs from accessing any public facility, nor is such a prohibition the Act's objective.

Finally, I respectfully request that this pre-motion conference letter be deemed filed *nunc pro tunc* to September 16, 2024. The handling attorney is dealing with significant medical issues and has been away from the Office. I learned last night that the Defendants' answer or response to the Complaint was due, and immediately drafted and filed this letter motion.

As always, your attention to this matter is appreciated.

Respectfully yours,

/s/ Matthew M. Rozea
Matthew M. Rozea
Deputy County Attorney